IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF MISSISSIPPI

_Western_ DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUL 15 2022
ARTHUR JOHNSTON
BY_____ D.C.

| | |
|---|---|
| DR. LENARD KING AND MRS. DEBORAH KING | PLAINTIFFS |
| V.   CAUSE NO. _5:22 cv 57 DCB-LGI_ | |
| LINCOLN COUNTY BOARD OF SUPERVISORS AND BRADLEY BORNER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, | DEFENDANTS |
| _Jerry L. Wilson_ _Jerry McGehee_ _Nolan Earl Williamson_ _C.E. "Eddie" Brown_ _Doug Falvey_ | JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW** Plaintiffs Dr. Lenard King and Mrs. Deborah King hereby, file this their Complaint for race discrimination and retaliation against the Lincoln County Board of Supervisors and Bradley Russell Boerner, in his individual capacity. The grounds for this action are as follows:

1.

Plaintiffs Dr. Lenard King and Deborah King were African American adult residents in Lincoln County at the time that this discrimination and retaliation initially occurred.

1

*(attachment for page 1)*

Jerry L. Wilson
_____
Defendant

Jerry McGehee
_____
Defendant

Nolan Earl Williamson
_____
Defendant

C. E. "Eddie" Brown
_____
Defendant

Doug Falvey
_____
Defendant

2.

Defendant Lincoln County Board of Supervisors is a duly organized and elected public body of Lincoln County, Mississippi, charged with the responsibility of administration of the county responsibilities under Mississippi Law. They are empowered to ultimately hire, discipline and/or fire employees of the county. Defendant Lincoln County Board of Supervisors is also ultimately responsible for the actions of Defendant Bradley Boerner as his employer.

Defendant Bradley Boerner is an adult resident citizen of Lincoln County, who is sued in his individual capacity and in his official capacity as the Lincoln County Youth Court Referee. Defendant Bradley Boerner unlawfully deprived plaintiffs Dr. Lenard King and Mrs. Deborah King of their right to raise their children in violation of 42 U.S.C. § 1981- Equal Rights Under the Law.

3.

This Court is competent to exercise jurisdiction over the subject matter of this cause and the parties of this action under 28 U.S.C.§1331, and under 42 U.S.C. § 1981- Equal Rights Under the Law. This action is authorized by 42 U.S.C. § 1983-Civil Action for Deprivation of Rights. Equitable and other relief is sought under 42 U.S.C. § 1983. Venue is proper under 28 U.S.C. §1391(b)in that the Defendants reside in this district and the events occurred in this district.

4.

Furthermore, Plaintiffs have complied with the requirements to file an action according to the Federal Rules of Civil Procedure regarding filing a discrimination retaliation complaint in Federal Court.

5.

On August 30, 2016, Plaintiffs Dr. Lenard King and Deborah King had no counts of abuse or neglect that were alleged against them by a party in youth court. Furthermore, there were no counts of delinquent youth alleged against any of Lenard and Deborah King's four minor children by a petitioner. However, Dr. King and Mrs. King lost custody of their four minor African American children due to August 30, 2016 youth court custody orders rendered by Brad Boerner the youth court referee of Lincoln County. These August 30, 2016 Youth Court Orders were rendered by Defendant Boerner against Plaintiffs Lenard and Deborah King even though the Kings never received a summons for a youth court shelter hearing, no complaint such as a request for a Petition for Adjudication was ever filed against them or any of their children, no youth court hearing actually occurred on August 30, 2016, and Plaintiffs were never served by the youth court with a copy of any of the August 30, 2016 youth court orders.

It should be noted that Plaintiffs Lenard and Deborah King have been married since June 4, 1994. Both Lenard and Deborah King have attended college. Plaintiff Deborah King served as a minister of music at a church in August of 2016 and has no criminal background. Plaintiff Dr. King holds his doctoral degree and has no criminal background. Furthermore, Plaintiff Dr. King is a licensed and ordained minister who served as an associate pastor at a church in August of 2016.

6.

Defendant Boerner issued youth court orders against Plaintiffs Lenard and Deborah King by violating Plaintiffs constitutionally protected due process rights on August 30, 2016. In fact, youth court orders are still currently in-place prohibiting plaintiffs from having custody of their

minor children or having any contact with their minor children in violation of plaintiffs' civil rights. Regarding youth court custody matters, the actions of Defendant Boerner were contrary to the Uniform Rules of Youth Court. The action of Defendant Boerner also failed to comport with Mississippi Code. The rules and laws that Defendant Boerner failed to follow include but is not limited to URYC 11(b)(1), MS Code §93-1-65, URYC 16 Shelter Hearings (b)Child protective proceedings (3), MS Code §43-21-357 Intake procedure, MS Code §43-21-121(1), MS Code §43-21-201(1), and MS Code §43-21-201(2013).

7.

On August 30, 2016, Defendant Boerner assigned a white attorney, to serve as GAL-child's defense attorney for each of Dr. Lenard King and Mrs. Deborah King's four minor children, in effect, stripping Plaintiffs of authority as parents and legal guardians of their minor children.

On August 30, 2016, Defendant Boerner placed custody of Plaintiffs Lenard and Deborah King's four minor children in the custody of child protective services (CPS). The CPS supervisor of the CPS case for the King's four minor children was a white female who had not filed a request for petition for adjudication against the parents or against any of the King's children. The request for petition for adjudication is the required paperwork for a petitioner to file a complaint alleging counts of abuse, neglect, or delinquent youth against a respondent in the Lincoln County Youth Court.

8.

Plaintiff Dr. King retained attorney Tyler Shandy who represented him at the November 1, 2016 Lincoln County Youth Court Adjudication Hearing. On the same day, Defendant

4

Boerner retaliated by rendering a November 1, 2016 No Contact Order which prohibited Dr. King from having any contact with his children including not being able to exercise his parental rights to visit his children.

9.

It should be noted that an African-American Lincoln County CPS Supervisor and an African-American Family Protection Specialist both filed two court reports which stated that "We have not found any evidence to support the allegations" and to return the King children.

On December 5, 2018 when Plaintiff Deborah King denied committing any abuse or neglect against her four children the white GAL- child's attorney recommended to Defendant Boerner that Plaintiff Deborah King should not be allowed to see her children. On the same day Defendant Boerner rendered a No Contact Order against Plaintiff Deborah King.

10.

Defendant Boerner allowed a white youth court prosecutor to prosecute Plaintiffs Lenard and Deborah King even though Plaintiffs had not been served with a petition and Request For Petition For Adjudication had not been filed against the Plaintiffs or against their children.

11.

Defendants' actions in discriminating and retaliating against Plaintiffs by rendering a December 5, 2018 Order which adjudicated plaintiffs Lenard and Deborah King as having committed abuse and neglect against their four minor children. Furthermore, defendant rendered a December 5, 2018 Disposition Order taking custody of all four of the King's minor children.

5

Moreover, defendant rendered a no contact order prohibiting all contact electronic or otherwise between the parents and their four minor children.

12.

Defendants' actions in discriminating and retaliating against Plaintiffs by rendering several unjustified December 5th 2018 youth court orders have caused or contributed to their damages, including lost wages and mental and emotional distress. The Plaintiffs denied the false accusations of abuse and neglect during the December 5, 2018 Lincoln Youth Court Adjudication Hearing.

13.

Plaintiffs Lenard and Deborah King retained Attorney Lisa Ross to appeal the December 5, 2018 Disposition Order rendered by Defendant Boerner. Attorney Lisa Ross filed a Notice of Appeal on December 21, 2018 regarding the December 5, 2018 Disposition Order and all of the youth court Orders. However, the appeal in the Supreme Court is currently pending in the Supreme Court of Mississippi. Therefore, the injury to the Kings' custody resulting from the racially motivated seizure of Dr. Lenard King and Mrs. Deborah King's minor children is currently occurring every day.

14.

Defendant Boerner retaliated against Plaintiffs Deborah and Lenard King by rendering a June 4, 2019 No-contact order against both Plaintiffs regarding their four minor children after conducting a Permanency Hearing. Furthermore, on June 4, 2019 the youth court Referee Defendant Boerner rendered an order granting durable custody to a foster parent who has a criminal background including multiple arrests and being convicted of embezzlement.

15.

The actions of individual Defendant Boerner are outrageous such that punitive damages are due.

16.

The individual Defendant Boerner is individually liable to Plaintiffs for race discrimination, in violation of United States Constitution Amendment Fourteen equal protection cause and in violation of 42 U.S.C. § 1981.

17.

Defendant Lincoln County Board of Supervisors is liable to Plaintiffs for race discrimination, in violation of 42 U.S.C. § 1981.

18.

Defendant Lincoln County Board of Supervisors is liable to Plaintiffs for retaliation because plaintiffs opposed unlawful treatment of their African American family, in violation of 42 U.S.C. 1981.

19.

The conduct of the above-named Defendants, as set forth herein, in violating Dr. King and Deborah King's rights under the Civil Rights Act of 1866, 42 U.S.C. §§1981 and 1983; caused injuries, damages and harm to Plaintiffs Dr. King and Mrs. King, including but not limited to, past and future economic loss, past and future non-economic losses, including extreme emotional distress, loss of reputation, shame, humiliation, pain and suffering, inconvenience, mental anguish, impairment in the quality of life; and consequential loses.

7

20.

Furthermore, the individual Defendant Boerner acted intentionally and/or with reckless indifference in engaging in the above stated discriminatory practices against Plaintiffs Dr. King and Mrs. King, contrary to their federally protected rights as guaranteed to them under 42 U.S.C. §§1981 and 1983.

### **REQUEST FOR RELIEF**

WHEREFORE, premises considered, Plaintiffs Dr. Lenard King and Mrs. Deborah King requests judgement of and from the Defendants jointly, severally and/or individually, for actual, compensatory and punitive damages and prays that the Court will order such relief as is necessary to make them whole, including:

A. A declaratory judgment that Defendants have violated Plaintiffs' right to be free from discrimination regarding custody of their minor children pursuant to the Civil Rights Act of 1866, 42 U.S.C. Section 1981 A-Equal Rights Under the Law; in violation of 42 U.S.C. §1983- Civil Action For Deprivation of Rights.

B. An injunction ordering Defendant to restore Plaintiffs' custody of their minor children, and such other affirmative action as is necessary to eliminate the effects of the unlawful litigation practices directed against the Plaintiffs;

C. A monetary judgement that would make Plaintiffs whole with payment of legal expenses, back payment of lost wages and benefits they would have obtained in the absence of discrimination and retaliation.

D. Front pay with prejudgment interest, in amount to be proved at trial.

E.  An award to Dr. and Mrs. King for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of the quality of life; and consequential loses;

F.  Attorneys fees, prejudgment interest, and costs incurred in this action;

G.  Punitive damages against individual Defendant Boerner only; and

H.  Such other and further relief as this Court deems just and appropriate.

**RESPECTFULLY SUBMITTED**, this the 15th day of July, 2022.

_____
DR. LENARD KING

_____
DEBORAH KING

DR. LENARD KING
MRS. DEBORAH KING
451 SCR 541D, FOREST, MS 39074
EMAIL: dr.lenardking@gmail.com
*Pro se Plaintiffs*

9