IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


DR. LENARD KING AND MRS. DEBORAH KING                PLAINTIFFS


v.                                    CAUSE NO. 5:22-cv-57-DCB-LGI


LINCOLN COUNTY BOARD OF SUPERVISORS, ET AL         DEFENDANTS



<u>MEMORANDUM OPINION AND ORDER</u>


THIS MATTER is before the Court on a Motion for Judgment on Pleadings [ECF No. 8] filed by Lincoln County Board of Supervisors (the "Board"), Bradley Boerner ("Boerner"), C.E. "Eddie" Brown, Doug Falvey, Jerry McGehee, Nolan Earl Williamson, and Jerry L. Wilson (collectively, "Defendants"). Notably, Defendants have raised issues of qualified immunity, which merit priority consideration under Fifth Circuit precedent. The Court further notes that, subsequent to the filing of the Motion for Judgment on Pleadings, Dr. Lenard King and Mrs. Deborah King (collectively, "Plaintiffs") submitted a Motion for Leave to File an Amended Complaint [ECF No. 17]. Having reviewed the issues, the parties' submissions, and applicable law, the Court finds as follows:

I.

BACKGROUND

Plaintiffs, an African American couple who reside in Lincoln County, Mississippi, brought this lawsuit for race discrimination and retaliation under 42 U.S.C. §§ 1981 and 1983 and for an alleged violation of the equal protection clause of the Fourteenth Amendment of the United States Constitution. [ECF No. 1] ¶¶ 1, 5, 16-20). Plaintiffs allege that Boerner, a Lincoln County Youth Court Referee, presided over custody hearings for Plaintiffs' four minor children and discriminated against them by placing the custody of their children in the Mississippi Department of Child Protection Services ("CPS"). Id. ¶¶ 6-7. According to Plaintiffs, Boerner appointed a Caucasian attorney to serve as guardian ad litem for their children and allowed a Caucasian prosecutor to prosecute the custody case. Id. ¶¶ 7, 10. Plaintiffs contend that an African American CPS supervisor and an African American family protection specialist both filed reports that stated: "We have not found any evidence to support the allegations." Id. ¶ 9. According to Plaintiffs, these reports suggested that the King children should be returned to Plaintiffs. Id. Plaintiffs further allege that Boerner violated various state court rules and procedures in adjudicating the custody matters and rendered "several unjustified" Youth Court orders. Id. ¶¶ 6, 10, 12.

According to their Complaint, Plaintiffs appealed Boerner's
Youth Court orders, and the appeal was pending in the
Mississippi Supreme Court when they filed their Complaint in
this Court.  Id. ¶ 13.[1]  Plaintiffs contend that, after they
filed their appeal, Boerner retaliated against them when he
issued a "No-contact" order in the course of conducting a
permanency hearing.  Id. ¶ 14.  Plaintiffs seek declaratory
relief, an injunction that would restore them with custody of
their minor children, and monetary relief, including
compensatory damages, attorneys' fees, and punitive damages.
Id. at 9-10.

## II.
## MOTION FOR JUDGMENT ON PLEADINGS

A.  Standard of Review.

Rule 12(c) of the Federal Rules of Civil Procedure governs
a motion for judgment on the pleadings.  The standard for
addressing such a motion is the same as that for addressing a
motion to dismiss under Rule 12(b)(6).  In re Great Lakes Dredge
& Co., 624 F.3d 201, 209-10 (5th Cir. 2010); Doe v. MySpace,
Inc., 528 F.3d 413, 418 (5th Cir. 2008).  To avoid dismissal, "a

---

[1] The Court notes that Defendants state in their Memorandum of
Authorities in Support of Motion for Judgment on Pleadings:
"Inasmuch as the Order pertains to Youth Court matters, the same
is not visible on the Mississippi Supreme Court docket and
cannot be accessed by the public.  The undersigned has no
authority to determine the status of any appeal on the Order."
[ECF No. 9] at 3, n. 1.

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Great Lakes Dredge, 624 F.3d at 210 (quoting Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007)).  The factual allegations in a complaint must be enough to raise the right to relief above the speculative level.  E.g., Twombly, 550 U.S. at 555; Great Lakes Dredge, 624 F.3d at 210.  The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff."  Great Lakes Dredge, 624 F.3d at 210.

B. Qualified and Judicial Immunity Issues.

The Fifth Circuit has instructed district courts that where "public officials assert qualified immunity in a motion to dismiss, a district court must rule on the motion."  Carswell v. Camp, 54 F.4th 307, 311 (5th Cir. 2022).  The Fifth Circuit has further instructed that qualified immunity must be determined '"at the earliest possible stage of the litigation."'  Id. at 310 (quoting Ramirez v. Guadarrama, 3 F.4th 129, 133 (5th Cir. 2021)).  Qualified immunity is more than "a mere defense to liability"; it's "an immunity from suit."  Pearson v. Callahan, 555 U.S. 223 (2009) (quotation omitted).  Defendants raised qualified immunity in their Answer and in their Motion for

Judgment on Pleadings.[2]  Defendants' Motion for Judgment on
Pleadings presents the earliest possible opportunity for the
Court to resolve the qualified immunity question.  Carswell, 54
F.4th at 310.  In accordance with the Fifth Circuit's directive,
the Court will address that motion and the qualified immunity
issues first and also will address, at the outset, the defense
of judicial immunity with respect to Boerner.

    1.  Individual Board Members.  C.E. "Eddie" Brown, Doug
Falvey, Jerry McGehee, Nolan Earl Williamson, and Jerry L.
Wilson will be referred to collectively in this Memorandum
Opinion as the "Individual Board Members".  Among other things,
Defendants argue in their submissions that the Individual Board
Members must be dismissed from this lawsuit on grounds of
qualified immunity.  Public officials performing discretionary
functions are generally shielded from suit unless it is shown by
specific allegations that the official violated "clearly
established statutory or constitutional rights of which a
reasonable person would have known."  Harlow v. Fitzgerald, 457
U.S. 800, 818 (1982).  Federal courts have traditionally used a

---

[2]  Defendants further moved, under Local Uniform Civil Rule
16(b)(3)(B), to stay discovery, disclosure requirements, the
submission of confidential settlement memoranda, and the case
management conference until the Motion for Judgment on Pleadings
was resolved.  [ECF No. 10] at 3-4.  The Magistrate Judge
promptly entered an order staying discovery and canceling the
case management conference.  [ECF No. 11].

two-step test to determine whether defendants are entitled to
qualified immunity.  Saucier v. Katz, 533 U.S. 194, 201 (2001),
overruled in part by Pearson, 555 U.S. at 227, 236.  First, a
court must determine whether a plaintiff has alleged the
violation of a constitutional right.  Second, if the plaintiff
has alleged a constitutional violation, the court must decide if
the conduct was objectively reasonable in light of clearly
established law at the time the challenged conduct occurred.[3]
"If no constitutional right would have been violated were the
allegations established, there is no necessity for further
inquiries concerning qualified immunity."  Saucier, 533 U.S. at
201.

Upon review of the Complaint, the Court finds no
allegations that indicate personal participation, action or
involvement of any kind by an Individual Board Member in the
alleged racial discrimination and nothing regarding the
violation of a constitutional right by any Individual Board
Member.  Indeed, no Individual Board Member is mentioned by name
anywhere in the Complaint, other than to be included as a
handwritten addition to the list of defendants in the caption to

---

[3] In Pearson, the Supreme Court reconsidered Saucier's mandated
sequence of applying the two prongs in the qualified immunity
analysis and held that district courts and the courts of appeals
may exercise their sound discretion in deciding which of the two
prongs of the Saucier test should be addressed first.  Pearson,
555 U.S. at 236.

the case.  [ECF No. 1] at 1.  In this Complaint, there is a
complete absence of alleged factual matter regarding any of the
Individual Board Members and nothing that comes close to stating
"'a claim to relief that is plausible on its face.'" Ashcroft v.
Iqbal, 556 U.S. 662, 663 (2009)(quoting Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 570, (2007)).  With respect to the
Individual Board Members, not only does this Complaint fail to
survive under the Saucier/Pearson qualified immunity test, but
it also fails under the basic Iqbal/Twombley standard of review
for Rule 12 dismissals.  Whether on grounds of qualified
immunity or for the Plaintiff's fundamental failure to plead a
claim for relief plausible on its face, the Court finds that
each of the Individual Board Members should be dismissed from
this lawsuit.[4]

    2.  Boerner.  Although inconsistently worded, Plaintiffs
apparently intend to sue Boerner in his individual and official
capacities because of actions that he took and orders that he
issued while adjudicating Plaintiffs' child custody proceedings
in the Lincoln County Youth Court.  [ECF No. 1].  Defendants
counter that Boerner, who was acting in his judicial capacity as
a Youth Court Referee, is entitled to absolute judicial

---

[4] Given that Plaintiffs propose deleting the Individual Board
Members from this lawsuit in their Motion for Leave to File an
Amended Complaint [ECF No. 17] at 1, this result should not be
unexpected or objectionable to them.

immunity, and all claims against him must be dismissed.  [ECF
No. 9] at 14; Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir.
1991) (judges and their law clerks are immune from damage claims
arising out of acts performed in the exercise of their judicial
functions, even when the judge is accused of acting
maliciously).  The Court notes that, other than to respond
"*Disputed*" in their Response to Defendants' Motion for Judgment,
[ECF No. 14] at 5, Plaintiffs offer no legal arguments or
authorities to refute Boerner's absolute judicial immunity
defense.  See Plaintiffs' Response to Defendants' Motion for
Judgment [ECF No. 14] and Plaintiffs' Brief in Opposition to
Defendants' Motion for Judgment on Pleadings [ECF No. 15].

    The doctrine of judicial immunity is recognized in
Mississippi.  Wheeler v. Stewart, 798 So. 2d 386, 392 (Miss.
2001) ("public policy mandates that a judge should have the
power to make decisions without having to worry about being held
liable for his [or her] actions"); Loyacono v. Ellis, 571 So. 2d
237, 238 (Miss. 1990); see also § 37:2 Judicial immunity, 5 MS
Prac. Encyclopedia MS Law § 37:2 (2d ed.).  The doctrine
provides that "[j]udges of courts of superior or general
jurisdiction are not liable to civil actions for
their judicial acts, even when such acts are in excess of their
jurisdiction, and are alleged to have been done maliciously or
corruptly."  Loyacono, 571 So. 2d at 238 (quoting Stump v.

Sparkman, 435 U.S. 349, 355–56 (1978)); see also, e.g., Johnson

v. Kegans, 870 F.2d 992, 995 (5th Cir.), cert. denied, 492 U.S.

921 (1989) (judge is absolutely immune for all judicial acts

"not performed in clear absence of all jurisdiction, however

erroneous the act and however evil the motive."); Holloway v.

Walker, 765 F.2d 517, 522 (5th Cir.), cert. denied, 474 U.S.

1037 (1985) (allegation that judge acted pursuant to a

conspiracy and committed grave procedural errors was not

sufficient to avoid absolute judicial immunity); Adams v.

McIlhany, 764 F.2d 294, 297 (5th Cir. 1985), cert. denied, 474

U.S. 1101 (1986) ("That [judge] may have been wholly motivated

by personal malice does not in the least turn a judicial act

into a nonjudicial act."); Sparks v. Duval Ranch Co., 604 F.2d

976 (5th Cir. 1979) (en banc), aff'd sub nom. Dennis v.

Sparks, 449 U.S. 24,  (1980) (allegations that judge performed

judicial acts pursuant to a bribe or conspiracy not sufficient

to avoid the immunity).

     In Mississippi counties (such as Lincoln County) where

there is no county court, a youth court is created as a division

of the chancery court.  Miss. Code Ann. § 43-21-107(2).

Chancery judges serve as youth court judges for such counties

unless the chancery judge appoints a referee to adjudicate

cases.  Miss. Code Ann. §  43-21-111(1),(3).  All hearings

authorized to be heard by a referee proceed in the same manner

as hearings before the youth court judge.  Miss. Code Ann. § 43-
21-111(4).  By statute, a referee possesses **_all powers_** and
**_performs all the duties_** of the youth court judge in the hearings
authorized to be heard by the referee.  Id. (emphasis added).
The Court finds no reason why duly appointed Mississippi youth
court referees should not be entitled to judicial immunity in
the exercise of their judicial functions to the same extent as
other judges. In re Brown Med. Ctr., Inc., 552 B.R. 165, 173
(S.D. Tex. 2016) (court-appointed Master in Chancery was an
integral part of the judicial process and entitled to judicial
immunity); see also Traina v. Blanchard, No. CIV. A. 97-0348,
1998 WL 483485, at *2 (E.D. La. Aug. 13, 1998)(judicial
employees enjoy absolute immunity for quasi-judicial acts done
in the course of their employment, which acts include those
which play a fundamental role to the judicial process).

Absolute judicial immunity extends to all judicial acts
which are not performed in the clear absence of all
jurisdiction.  Stump, 435 U.S. at 355.  The Fifth Circuit
generally follows a four-factor test for determining whether an
act by a judge is a "judicial" one subject to immunity:

> (1) whether the precise act complained of is a normal
> judicial function;
> (2) whether the acts occurred in the courtroom or
> appropriate adjunct spaces such as the judge's
> chambers;

(3) whether the controversy centered around a case pending before the court; and

(4) whether the acts arose directly out of a visit to the judge in his official capacity.

McAlester v. Brown, 469 F.2d 1280, 1282 (5th Cir.1972).  The McAlester test factors should be broadly construed in favor of immunity.  See Adams, 764 F.2d at 299.  In applying the McAlester factors to the alleged facts of this case, the Court finds that Plaintiffs' allegations against Boerner solely concern his judicial acts performed in the course of Plaintiffs' custody proceedings, including his rulings, orders, and procedural management of the case.  [ECF No. 1].  The Court finds that Boerner is entitled to judicial immunity from Plaintiffs' claims for damages.  See McBryde, 944 F.2d at 230 (judicial immunity applies to damage claims).

Defendants argue that all claims against Boerner must be dismissed on the ground of absolute judicial immunity [ECF No. 9] at 14.  However, the Court notes that Plaintiffs request not only monetary damages, but they also request declaratory and injunctive relief.  Id. at 10.  Judicial immunity does not bar actions for prospective injunctive relief under Section 1983, Pulliam v. Allen, 466 U.S. 522 (1984), or for declaratory relief.  Adams, 764 F.2d at 299 & n.5.

Alternatively, Defendants urge the Court to refrain from hearing Plaintiffs' claims for declaratory and injunctive relief

11

under the doctrine of abstention set forth in Younger v Harris, 401 U.S. 37 (1971), and its progeny. "Younger abstention is generally deemed appropriate where assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character." Word of Faith World Outreach Ctr. Church, Inc. v. Morales, 986 F.2d 962, 966 (5th Cir. 1993) (citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 12–14 (1987) and Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982)). Plaintiffs offer no legal arguments or authorities against the adoption of Younger abstention in this case, other than the one-word response "*Disputed*" in their Response to Defendants' Motion for Judgment, [ECF No. 14] at 6.

In Bice v. Louisiana Pub. Def. Bd., 677 F.3d 712, 716 (5th Cir. 2012), the Fifth Circuit explained three conditions that must be met before a district court may decline to exercise jurisdiction under Younger:

> In general, the *Younger* doctrine requires that federal courts decline to exercise jurisdiction over lawsuits when three conditions are met: (1) the federal proceeding would interfere with an "ongoing state judicial proceeding"; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has "an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). If the three prerequisites are satisfied, then a federal court can assert jurisdiction only if "certain narrowly

delimited exceptions to the abstention doctrine
apply."[3] *Tex. Ass'n of Bus.,* 388 F.3d at 519.

Bice v. Louisiana Pub. Def. Bd., 677 F.3d 712, 716 (5th Cir.

2012).  On this record, the Court finds that all three

preconditions to Younger abstention are satisfied.  Plaintiffs

allege that an appeal is pending in the Mississippi Supreme

Court regarding "the December 5, 2018 Disposition Order and all

of the youth court Orders."  [ECF No. 1] at 7.  Plaintiffs have

provided the Court with no other details of the appeal or its

status.  The Court therefore accepts as true the Plaintiffs'

allegation of a pending state court appeal and finds that the

first Younger precondition is satisfied.[5]  Second, there can be

---

[5]Defendants also urge the Court to dismiss this case under the
Rooker-Feldman doctrine.  Rooker v. Fidelity Trust Co., 263 U.S.
413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462
(1983).  As the Fifth Circuit recently explained:

> Under the *Rooker-Feldman* doctrine, federal district
> courts lack subject matter jurisdiction to consider
> cases where: (1) the federal court plaintiff lost in
> state court; (2) the plaintiff's alleged injuries were
> caused by the state court judgment; (3) plaintiff's
> claims invite the federal court to review and reject
> the state court judgment; and (4) the state court
> judgment was rendered before plaintiff filed
> proceedings in federal district court. (citation
> omitted).  "[I]n addition to the precise claims
> presented to the state court, *Rooker-Feldman* prohibits
> federal court review of claims that are 'inextricably
> intertwined' with a state court decision." (citation
> omitted).  We have previously held that "issues are
> 'inextricably intertwined' when a plaintiff casts a
> complaint in the form of a civil rights action simply
> to circumvent the *Rooker-Feldman* rule." (citation

no question that the State of Mississippi has an important

interest in regulating the subject matter of the claim (i.e.,

child custody).  Indeed, it is well-established in our precedent

that the area of domestic relations, including child custody

orders, is the province of state - not federal - courts.

Ankenbrandt v. Richards, 504 U.S. 689, 703, 112 S. Ct. 2206,

2215, 119 L. Ed. 2d 468 (1992); Barber v. Barber, 21 How. 582,

16 L.Ed. 226 (1859).[6]  And third, Plaintiffs have ample

---

    omitted).

Tomasella on Behalf of Est. of Tomasella v. Kaufman Cnty. Child
Support, No. 22-10760, 2022 WL 17752124, at *2 (5th Cir. Dec.
19, 2022).  However, because the record has scant information
regarding the pending Mississippi Supreme Court appeal, the
Court declines to apply Rooker-Feldman.  As far as the Court can
tell from this record, no Mississippi Supreme Court judgment was
rendered before Plaintiffs filed this proceeding in
federal district court, and Plaintiffs have not alleged that
they won or lost their appeal.  The Court must accept, as
alleged, that the Mississippi Supreme Court appeal still is
pending, [ECF No. 1] at 7, and rule on grounds other than
Rooker-Feldman.

[6] As the United States Supreme Court explained in Ankenbrandt:

    We conclude, therefore, that the domestic relations
    exception, as articulated by this Court since Barber,
    divests the federal courts of power to issue divorce,
    alimony, and child custody decrees. Given the long
    passage of time without any expression of
    congressional dissatisfaction, we have no trouble
    today reaffirming the validity of the exception as it
    pertains to divorce and alimony decrees and
    child custody orders.

Ankenbrandt, 504 U.S. at 703.

14

opportunity for their constitutional claims to be heard in
Mississippi state courts, which have concurrent jurisdiction
with federal courts to hear constitutional claims.[7]  Given that
Plaintiffs fail to explain how their lawsuit might implicate any
exceptions to the Younger doctrine, the Court finds that the
Younger preconditions have been satisfied and abstention from
ruling on Plaintiffs' requested declaratory and injunctive is
appropriate.

C.   Lincoln County Board of Supervisors.

     The remaining named defendant in this lawsuit is the
"Lincoln County Board of Supervisors."  Defendants argue that
the Board must be dismissed because, in Mississippi, boards of
supervisors are not "political subdivisions" amenable to suit.
Hearn v. Bd. of Sup'rs of Hinds Cty., Miss., 575 F. App'x 239,
243 (5th Cir. 2014) ("Further, the district court correctly
concluded Hinds County is the proper party, not its related
departments—the Board of Supervisors or the Department of Public
Works."); D.M. v. Forrest Cty. Sheriff's Dep't, No. 2:20-cv-48-
KS-JCG, 2020 WL 4873486, at *8 (S.D. Miss. Aug. 19, 2020)

[7] The Mississippi Supreme Court has held repeatedly that, unless
jurisdiction over federally created rights is expressly
restricted to the federal courts, the state courts have
concurrent jurisdiction.  Lewis v. Delta Loans, Inc., 300 So. 2d
142, 144 (Miss. 1974)(citing Masonite Corp. v. IWA, 215 So.2d
691 (Miss.1968); Southern Bus Lines, Inc. v. Amalgamated Ass'n
of St. Elec. Ry. and Motor Coach Employees, 205 Miss. 354, 38
So.2d 765 (1949)).

(county board of supervisors is not a political subdivision amenable to suit); see [ECF No. 9] at 6-7.  Other than to respond with the word "*Disputed*" in their Response to Defendants' Motion for Judgment, [ECF No. 14] at 4, Plaintiffs offer no legal arguments or authorities regarding the Board's ability to be sued.  See Plaintiffs' Response to Defendants' Motion for Judgment [ECF No. 14] and Plaintiffs' Brief in Opposition to Defendants' Motion for Judgment on Pleadings [ECF No. 15].

Our court previously has addressed this precise issue and concluded that a Mississippi county board of supervisors is not a separate legal entity capable of being sued.  See, e.g., Smith v. Simpson Cnty., Mississippi, No. 3:17CV1009-HSO-LRA, 2018 WL 8997441, at *2 (S.D. Miss. May 21, 2018); Tuesno v. Jackson, No. 5:08-CV-302-DCB-JMR, 2009 WL 1269750, at *1 (S.D. Miss. May 7, 2009).  Because the Lincoln County Board of Supervisors is not a political subdivision capable of being sued, all claims against it must be dismissed.

III.
CONCLUSION

The Court having (i) prioritized and decided the immunity issues raised in the Motion for Judgment on Pleadings in accordance with the Fifth Circuit's directive in Carswell, 54 F.4th at 310-311; (ii) determined that the Board is not amenable

to suit; and (iii) deemed that <u>Younger</u> abstention is appropriate with respect to the requested declaratory and injunctive, Defendants' Motion for Judgment will be granted [ECF No. 8] and Plaintiffs' Motion for Leave to File Amended Complaint [ECF No. 17] will be denied as moot.[8]

Accordingly,

Defendants' Motion for Judgment on Pleadings [ECF No. 8] is **GRANTED**, all claims against Defendants are **DISMISSED**, and Plaintiffs' Motion for Leave to File Amended Complaint [ECF No. 17] is **DENIED** as moot.

A Final Judgment shall be entered of even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this 10th day of January 2023.

/s/    David Bramlette
UNITED STATES DISTRICT JUDGE

---

[8] The Court notes that there is nothing in Plaintiffs' proposed amended complaint that would correct the procedural and substantive deficiencies in their original complaint. As proposed, the amended complaint fails to state a claim upon which relief could be granted and, among other things, is futile. <u>Schiller v. Physicians Res. Grp. Inc.</u>, 342 F.3d 563, 566 (5th Cir. 2003; <u>Stripling v. Jordan Production Co. Ltd.</u>, 234 F.3d 863, 873 (5th Cir. 2000). Considering the Court's disposition of the immunity issues, dismissal of the Lincoln County Board of Supervisors (which is not amenable to suit), and abstention determination, the Court lacks jurisdiction to proceed further, and the motion to amend must be denied as moot.